## ALMA GIN AND MILLING COMPANY *et al. v.* PEEPLES, receiver, *et al.*

The act of 1906 (Acts 1906, p. 107) is not applicable in a case where suit is brought by one or more policyholders to establish the liability of other policyholders to pay assessments, and to compel them to contribute to the payment of losses sustained by the complainants.

AUGUST 22, 1916.

Intervention. Before Judge Brand. Clarke superior court. August 30, 1915.

*Holden, Shackelford & Meadow,* for plaintiffs in error.

*Griffith & Matthews, J. H. Williams, Max Michael, Cobb, Erwin & Rucker, E. K. Lumpkin, E. K. Lumpkin Jr., Green & Michael, W. M. Smith, W. W. Stark, H. C. Tuck, J. H. Felker, H. S. West,* and *S. C. Upson,* contra.

BECK, J. The original petition in this case alleged indebtedness upon a policy of insurance issued to petitioners, Williams and Moore; and also alleged insolvency of the insurance company, and sought the appointment of a receiver. A receiver was appointed ex parte. Subsequently upon a hearing this order was confirmed and an injunction granted. Afterwards other parties who had suffered losses by fire, and had claims against the company upon

policies issued by it, joined the receiver with them in a supplemental petition, setting forth the nature of their demands against the company, and claiming that, since the company was insolvent and had no funds with which to meet these losses, they had a right to compel the other policyholders to contribute pro rata in order to make up a fund to discharge the obligations of the company under the policies. They claimed that under the policy and the constitution and by-laws of the company, which were referred to in the policy, all the class of policyholders mentioned as defendants were under obligations to pay such assessments as were necessary to raise a fund equal to the aggregate of the losses. There were many other allegations in the petition, as to parties, etc., and the method of making parties; and demurrers were filed by the plaintiffs in error, both general and special. Among the grounds of demurrer insisted upon in this court was the one based upon the failure of the company to attach to or incorporate in the policy a copy of the constitution and by-laws and application; and the demurrants insist that a failure to do this, under the provisions of the act approved August 17, 1906 (Acts 1906, p. 107), entitled "An act fixing and regulating the manner in which contracts and policies of insurance, whether life or property, shall be issued and made in this State," deprived the plaintiffs of the right to rely upon the stipulations in the application or the provisions in the by-laws and constitution of the company, which obligated the policyholders to pay the assessments sought to be collected by this suit. The plaintiffs (defendants in error) contend that the act of 1906 referred to above is not applicable under the facts of this case. We agree with this contention of the defendants in error, that the act of 1906 is applicable in a case where suit is brought on a policy by the holder thereof against the company to establish the liability of the company to the insured, and to obtain a judgment in favor of the latter; but it is not applicable in a case like this, that is, of a suit to establish the liability of policyholders to pay assessments, and to compel them to contribute to the payment of losses sustained by another policyholder.

*Judgment affirmed. All the Justices concur.*