### 25155. EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN *v.* VANCE.

JENKINS, P. J. 1. Construing the policy in the instant case either with or without the "agreement for exchange" of such policy for a policy previously issued, which agreement was excluded from evidence under the Code of 1933, § 56-904, because it was not attached to the policy, the result would be the same. This is true, irrespective of whether or not the provisions of that section which made an "application for insurance" inadmissible as evidence, unless it is contained in or attached to the policy, are limited to "life-insurance policies issued upon the lives of persons within this State," and have no reference to a suit such as this for a disability on a combined life and disability policy. See *State Life Ins. Co.* v. *Tyler*, 147 *Ga.* 287, 288-291 (93 S. E. 415); *Alma Gin & Milling Co.* v. *Peeples*, 145 *Ga.* 722 (89 S. E. 820); *Missouri State Life Ins. Co.* v. *Bozeman*, 48 *Ga. App.* 640 (173 S. E. 183). This is true also, irrespective of whether or not the excluded "agreement for exchange," which reaffirmed the original application attached to the old policy and sought to make it a part of the new contract, would itself constitute an "application for insurance" falling within the inhibition of the statute, unless attached to the new policy.

2. Policies of insurance are to be liberally construed in favor of the object to be accomplished. The terms used and any ambiguities in an insurance contract will be construed against the insurer who prepared and proposed the contract. If provisions in a policy conflict, that construction will be given which is most favorable to the insured. *Hall* v. *Royal Fraternal Union*, 130 *Ga.* 820, 835 (61 S. E. 977); *Ogletree* v. *Hutchinson*, 126 *Ga.* 454 (55 S. E. 179); *Massachusetts Benefit Life Association* v. *Robinson*, 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261); *Arnold* v. *Empire Mutual Annuity & Life Ins. Co.*, 3 *Ga. App.* 685, 695 (60 S. E. 470); *Perkins* v. *Empire Life Ins. Co.*, 17 *Ga. App.* 658 (87 S. E. 1094).

3. Under the terms of the instant policy, providing that in case of death the insurer would pay $5000, "less any indebtedness chargeable to this covenant," and in case of total and permanent disability would pay "one tenth of the value" of the policy "at the time of such disability," in ten annual installments, "until the entire amount of this covenant shall have matured in this manner," and under the terms of the exchange agreement whereby the insurer was "to charge against" the new policy $5.17, one half of the monthly premium on such policy, "as a lien with interest at the rate of 5 per cent. per annum added annually,

and the amount thereof to be deducted from any claim or settlement thereunder," even though such excluded agreement be construed in connection with the policy, the defendant insurer was not entitled, as contended, to divide the $5000 into ten annual installments of $500 each, and to deduct the first four installments from the indebtedness, leaving nothing due to the insured until the entire indebtedness was extinguished. In ascertaining the value of the policy, its language and that of the exchange agreement, even if considered therewith, must be construed to mean that from the face of the policy there should be deducted the amount of indebtedness, and the balance be paid to the claimant in ten equal annual installments. The total disability being conceded, and a verdict being thus demanded for the plaintiff, the court did not err in refusing a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided April 13, 1936.

*Louis L. Brown Jr.,* for plaintiff in error.
*George B. Culpepper Jr.,* contra.