30190. NICHOLS *v.* OCEAN ACCIDENT & GUARANTEE CORPORATION.

170

*James Maddox,* for plaintiff.

*Matthews, Owens & Maddox,* for defendant.

Sutton, J. The plaintiff sued Herman Johnson and the G. L. Hight Motor Company for damages for the death of her son; a judgment was recovered against Herman Johnson; the plaintiff caused summons of garnishment to be served upon the Ocean Accident & Guarantee Corporation, basing the garnishment upon the judgment held by her against Herman Johnson; the garnishee answered, and denied that it was indebted to Herman Johnson in any amount; the plaintiff traversed this answer, and set out that the garnishee was indebted to Herman Johnson by reason of the fact that it issued to G. L. Hight Motor Company a policy of insurance designated "Garage Liability Policy UD 30615," which contained, among other provisions, the following: "In consideration of an additional premium of $71.50 it is understood and agreed that the undermentioned policy is extended to cover the liability of any customers of the named assured while riding in or operating any motor vehicle owned by the named assured and covered under this policy except a motor vehicle which such customers may be purchasing from the assured on the installment plan;" that on February 3, 1939, her son was killed by an automobile driven by Herman Johnson, and as a consequence thereof she had sued him and recovered a judgment against him for $3500, of which no part had been paid; that at the time her son was killed and for a long time prior thereto Herman Johnson had had an arrangement with the G. L. Hight Motor Company, whereby he negotiated for the sale of new and used cars to any prospective purchasers he might secure, and received commissions on all automobiles sold by the motor company to prospects secured by him; that he received no salary from the motor company, and it had no right to direct his movements, except that he was required to attend a meeting of the salesmen

each day; that he came and went as he pleased, and sought prospects wherever he could locate them, and at such times as suited his convenience; that he had no right to conclude a sale, or make any agreement as to partial payments, or as to the value of any car traded in on the purchase-price; that he in no way represented the motor company, but merely received a commission on all automobiles sold to prospects furnished by him; that the motor company furnished him with an automobile and six gallons of gasoline a week to be used by him in calling upon and locating prospective purchasers; that during the year 1937 he produced 75 persons who purchased automobiles from the motor company on which he received a commission, and during the year 1938 he produced 51 persons who purchased automobiles from the motor company on which he received commissions, and that he also brought certain persons to the motor company during January and February of 1939, who purchased automobiles for which he was entitled to receive a commission; that he never kept the same automobile for more than two or three weeks, when it was taken from him by the motor company and replaced with another, and that he constantly used said automobile in his search for and contacts with prospective purchasers of automobiles, and about his own affairs; that at the time he struck and killed the plaintiff's son he was driving and operating an automobile belonging to the motor company furnished him under the understanding and agreement above set out and with full knowledge and consent of the motor company; that by reason of the facts set out and under the terms of the insurance policy the garnishee was obligated to pay the judgment held by her, and was indebted to Herman Johnson in that amount. The plaintiff attached as exhibits to her traverse copies of the petition filed by her against Herman Johnson and G. L. Hight Motor Company, wherein she alleged that at the time her son was killed Herman Johnson was the salesman and agent and employee of the motor company, and was acting within the scope of his employment, and copies of the answers of the two defendants in which each denied the above allegations.

The garnishee demurred to the traverse upon the grounds (1) that the allegations of the traverse fail to show that the garnishee was indebted to Herman Johnson; (2) that under the allegations of the traverse there was no relationship shown between the insured

as set forth in the policy on which the garnishee would be liable to the defendant, Herman Johnson; and (3) that said traverse showed that the suit filed by the plaintiff against Herman Johnson was a suit filed by her against Herman Johnson and G. L. Hight Motor Company in which she alleged that Herman Johnson was employed by G. L. Hight Motor Company, and that at the time of the accident he was engaged in the business of the motor company and acting within the scope of his employment, and the position of the plaintiff in said suit was inconsistent and contrary to the position taken by her in the traverse. The court sustained this demurrer and dismissed the traverse, and the plaintiff excepted.

There are two questions for determination: (1) Was Herman Johnson a "customer" of the G. L. Hight Motor Company, and consequently an insured under the provisions of the policy? (2) Would the fact that the plaintiff sued Herman Johnson and G. L. Hight Motor Company jointly, alleging that he was the agent and employee of the motor company, prevent her from maintaining her action on the traverse, on the ground that her position in the suit was inconsistent and contrary to her position in the traverse, wherein she contended that he was a customer of the motor company at the time her son was killed?

The portion of the contract of insurance above quoted was entered into between the garnishee and the G. L. Hight Motor Company for the benefit of customers of the motor company, and to protect such customers while they were riding in or operating an automobile owned by the motor company against damages to third persons caused by the operation of such automobile. The plaintiff's son was killed by an automobile owned by the motor company while it was being operated by Herman Johnson, and her right to recover against the garnishee depends upon whether Herman Johnson was covered by the insurance policy. Whether he was covered by the insurance policy depends upon whether or not he was a customer of the motor company at the time the plaintiff's son was killed. The words used in the contract of insurance should be given their usual and common signification. Code, § 20-704 (2); *North British Insurance Co.* v. *Tye,* 1 *Ga. App.* 380, 389 (58 S. E. 110). "The contract of insurance should be construed so as to carry out the true intention of the parties." Code, § 56-815. While the contract of insurance was entered into between two par-

ties for the benefit of a third, and such third party's rights under the contract were subject to the equities between the original parties (Gallopin v. Continental Casualty Co., 290 Ill. App. 8, 7 N. E. 2d, 771, citing Restatement of the Law of Contracts, Vol. 2, p. 910), and the garnishing plaintiff's position under the contract was no better than that of the alleged debtor, Herman Johnson (*Hodges* v. *Ocean Accident & Guarantee Corporation,* 66 *Ga. App.* 431 (2), 18 S. E. 2d, 28), yet the contract of insurance should be liberally construed in favor of the object to be accomplished. *Eminent Household of Woodmen* v. *Vance,* 53 *Ga. App.* 237 (185 S. E. 391), and cit. Where a contract of insurance contains a word susceptible of having more than one meaning, the meaning most favorable to the interests of the insured and most unfavorable to the interests of the insurer must be given to it. *Great Eastern Casualty Co.* v. *Blackwelder,* 21 *Ga. App.* 586 (94 S. E. 843). In the present case the contract of insurance was given to protect the motor company and its customers from liability for damages to third parties caused by the operation of the automobiles of the motor company. Whether Herman Johnson was a customer of the motor company and 'within the provisions of the policy of insurance must be determined by the ordinary and usual meaning given the word "customer," considering the manner of its use and the intention of the parties to the contract. Webster's New International Dictionary (sec. ed.) defines customer as "one who regularly, customarily, or repeatedly makes purchases of, or has business dealings with, a tradesman or business establishment; a buyer or purchaser; a patron." It has also been defined as "a buyer, purchaser, or patron; a person with whom a business house, or business man, has regular or repeated dealings." 25 C. J. S. 74. See, also, 10 Words & Phrases, 740, and cit. It has been held to mean creditors of a partnership. *Askew* v. *Silman,* 95 *Ga.* 678 (22 S. E. 573). The traverse set out that Herman Johnson had repeated and regular business dealings with the motor company in obtaining automobiles from it to use in calling upon and locating prospective purchasers for such automobiles, and that he had secured over 125 prospects who purchased automobiles from the motor company in the 25 months period that immediately preceded the accident; that he was not an agent and employee of the motor company, for, while he received commissions on sales made by him

or caused by his services, he received no salary from the motor company, and had no right to conclude any sale, or to make any agreement as to the value of automobiles connected with such sales, and was not subject to any control or direction by the motor company; but came and went as he pleased, and sought prospects wherever he could locate them, and at such times as suited his convenience. Also, in the answers filed to the plaintiff's suit by the motor company and Herman Johnson, they each denied that he was an agent and employee of the motor company, and these answers were made a part of the traverse. He was operating the automobile with the knowledge and consent of the motor company under their agreement whereby it furnished him an automobile and six gallons of gasoline a week for its operation. Under this arrangement, during the 25-months period next preceding the accident which caused the death of the plaintiff's son, he had procured purchasers for more than 125 automobiles from the motor company. He had regularly and repeatedly obtained automobiles from the motor company under the same or similar circumstances that he obtained the automobile he was driving at the time of the accident. It was customary for him to obtain automobiles from the motor company under his agreement with it, and customary for the motor company to furnish him the automobile and six gallons of gasoline a week with which to operate it. He regularly, customarily, and repeatedly had business dealings with the motor company, which, in our opinion, constituted him a customer of the motor company. It was the custom for him to so deal with this company. Our conclusion that he was a customer is reached by giving this word its usual and common signification, taking into consideration the manner of its use in the provision of the policy now under consideration. Being a customer of the motor company, and operating one of its motor vehicles at the time of the accident, he comes within the provisions of the policy of insurance entered into between the garnishee and the motor company for the benefit of the motor company and its customers while such customers were riding in or operating one of the motor vehicles of the motor company.

The fact that the plaintiff brought her suit against Herman Johnson and the G. L. Hight Motor Company jointly, contending that he was a salesman and the agent and employee of the motor company at the time of the accident, would not prevent her from

maintaining her traverse, wherein she contended that he was a customer of the motor company at that time, upon the ground that her position in the suit was inconsistent with and contrary to her position in the traverse. The garnishee was not a party to her suit against Herman Johnson and the G. L. Hight Motor Company, and the traverse does not show that the garnishee has been injured or prejudiced by the fact that the plaintiff brought her action jointly against the two defendants therein and obtained a judgment against only one of them. The fact that Herman Johnson was not acting as the agent of the motor company at the time the plaintiff's son was killed would not prevent him from being a customer of the motor company operating one of its motor vehicles at that time. *Hodges* v. *Ocean Accident & Guarantee Corporation,* supra. The traverse set out a cause of action, and the judge erred in sustaining the demurrers and dismissing the traverse.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED NOVEMBER 4, 1943. REHEARING DENIED NOVEMBER 20, 1943.