39709.   SHAW, for use, etc. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

DECIDED NOVEMBER 14, 1962.

*Foley, Chappell, Young & Hollis, Howell Hollis,* for plaintiff in error.

*Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs,* contra.

BELL, Judge. The sole issue of law raises the question whether the phrase, "the insured," in an exclusion clause of State Farm's policy, includes *the named insured* so as to relieve the insurer of coverage as to personal injuries sustained by the named insured as a result of alleged negligence of a driver who would otherwise be insured by the policy since the driver was using the car with the permission of the named insured.

The definition and exclusion relied upon by State Farm as a basis for the contention that the named insured is excluded as a claimant under the policy arises from the following relevant provisions:

"Definitions—Insuring Agreements I and II

*"Named Insured*—means the individual so designated in the declarations and also includes his spouse, if a resident of the same household.

*"Insured*—under coverages A, B, C and M, the *unqualified word 'insured' includes (1) the named insured,* and also includes (2) his relatives; (3) any other person while using the owned automobile, provided the actual use of such automobile is with the permission of the named insured, and (4) under coverages A and B any person or organization legally responsible for the use thereof by an insured as defined under the three subsections above." (Emphasis added.)

"Exclusions—Insuring Agreements I and II

"This insurance does not apply under: . . . (g) coverage A, to bodily injury to *the insured* or any member of the family of the insured residing in the same household as the insured." (Emphasis added.)

Since the above definition defines the *unqualified word,* "insured," while the exclusion refers to *the insured* the question arises whether the word, "the," in the phrase, "the insured,"

operates to qualify "insured" so as to exclude the phrase, "the insured," from the scope of this definition. If "the" qualifies the word "insured" in the exclusion, then the named insured is not excluded by the terms of the exclusion.

Michigan contends that the controlling word in the exclusion is "the" and that the use of the word, "the," before "insured" in the exclusion is a *qualifying word* which prevents the above definition of the *unqualified insured* being applicable to the exclusionary clauses. If the word, "the," qualifies the word, "insured," then the policy definition of the unqualified word, "insured," is not applicable.

If the construction which Michigan urges should be placed upon the meaning of the phrase "the insured" in the exclusion clause, the named insured would be eliminated from coverage under the basic insuring agreement in the policy.

So construed the policy of insurance in its basic obligations would not insure the person who purchased the policy, paid the premium and should receive the chief benefits under the policy.

In this basic insurance agreement the adjective "the" is frequently coupled with the word "insured." This frequent coupling of the two words is illustrated by the provisions by which the insurer agrees to pay all damages which *the insured* shall become legally obligated to pay. Additional obligations of the company are provided to *the insured* above the applicable limits of the policy in defending any suit against *the insured,* in paying costs taxed against *the insured,* to pay premiums on attachment and appeal bonds and the costs of bail bonds required of *the insured,* to pay expenses incurred by *the insured* for immediate medical and surgical relief to others, and to pay reasonable expenses incurred by *the insured* in attendance in any law suit.

The exclusion clause excluding the coverage of the insurance for bodily injury to the insured or any member of the family of the insured residing in the same household apparently was necessary because the company desired to exclude bodily injury of the named insured or of members of the named insured's family while riding in the automobile when driven by someone with the insured's consent. This exclusion was made because, under the basic insuring clause, the named insured and members

of her family could be "other persons" under the basic insurance clause agreeing to pay all damages which the insured might become legally obligated to pay because of bodily injuries sustained by other persons. Without this exclusion, either the named insured or members of the family residing in the same household could be interpreted to be "other persons" as to one who was not a member of the named insured's family driving with the consent of the named insured.

While it is true that any ambiguity in an insurance contract shall be construed most favorably for the insured, this court may not strain the construction of the policy so as to discover an ambiguity. *Nichols v. Ocean Accident &c. Corp.*, 70 Ga. App. 169 (27 SE2d 764). A construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part. *Code* § 20-704 (4).

"Although the word 'insured' without further qualification should apply to any person entitled to protection under the policy, including a 'named insured', the latter term can apply only to the person named as *the insured.*" (Emphasis added.) Adkins v. Inland Mut. Ins. Co., 124 W. Va. 388, 392 (20 SE2d 471, 473).

The construction urged by Michigan would also make the exclusionary clause useless as it would then mean that the insured cannot maintain an action against himself for an injury he negligently caused to his person. This is already the law. The construction of the phrase, "the insured," as falling within the definition of the "named insured" is reasonable when the policy is read as a whole, giving consideration to its obviously intended purposes. The contract of insurance should be construed to carry out the true intention of the parties. *Code* § 56-815 (which statute was in effect at the time the defendant's policy was in force). Policies of insurance are to be liberally construed in favor of the objective to be accomplished. *Eminent Household of Columbian Woodmen v. Vance*, 53 Ga. App. 237 (185 SE 391). The primary purpose of the insured who purchases liability insurance is to protect himself against the legal claims of persons who may be injured by his activities. A

construction of the policy which would exclude the insured from the basic insuring agreement would obviously be contrary and repugnant to the primary intention of the named insured in the policy.

The trial court properly sustained the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*