42725, 42740.   CHICAGO INSURANCE COMPANY v.
AMERICAN SOUTHERN INSURANCE COMPANY et al.;
and vice versa.

ARGUED APRIL 3, 1967—DECIDED MAY 10, 1967—
REHEARING DENIED MAY 30, 1967—

*Spivey & Carlton, Milton A. Carlton,* for appellant.

*Richardson, Doremus & Karsman, W. Ward Newton, T. Ross Sharpe, J. Max Cheney,* for appellees.

HALL, Judge. ■ The following provisions are pertinent and identical in each of the policies: The insurer agrees "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: . . . 'bodily injury,' sustained by any person; . . . arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile."

The policy provides that under the coverages for bodily injury and property damage liability "persons insured" include ". . . (a) with respect to the owned automobile, (1) the named insured . . . (2) any other person using such automobile with the permission of the named insured." "Non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile." "Other insurance: If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any valid and collectible insurance." (Part I is entitled "Liability" and includes both bodily injury and property damages.)

American Southern argues that the named insured cannot recover under its contract for personal injuries to himself arising from the negligence of another person to whom liability

coverage is extended as an additional insured under its policy, because this would be contrary to its contract to pay damages "on behalf of the insured." Considering the obligation to pay damages "on behalf of the insured" with the definition of "insured" quoted above, under the facts here presented, the insurer's obligation is to pay damages on behalf of the named insured and any other person using the named automobile with the permission of the named insured. The payment of damages to the named insured for injuries he received while riding as a passenger when the automobile was being operated by another person with his permission is not the payment of damages on behalf of the named insured, but payment of damages on behalf of the permissive driver. This case presents a different question from that decided in *Bailey v. Metropolitan Cas. Co.*, 89 Ga. App. 53 (78 SE2d 626), which held that since the insured could never as an individual become legally obligated to pay himself as an individual, the insured cannot recover under a liability policy for bodily injuries he received when his own automobile, which he was personally operating, overturned.

In many policies which have been issued, a direct policy exception prohibits recovery for injury or death of a named insured, and where such an exclusion is contained in the policy, it is enforced according to its terms. See *Shaw v. State Farm Mut. Auto. Ins. Co.*, 107 Ga. App. 8 (129 SE2d 85). While some courts have denied recovery to the named insured upon the view that a verdict for the plaintiff would translate the liability policy into a personal accident policy, by far the preponderance of authority, which we adopt, permits a recovery to the named insured where injured by the neglect of a person covered by the omnibus clause when the insurer has not inserted an exclusion. Farmer v. U. S. F. & G. Co., 11 FSupp. 542; Mayflower Ins. Co. v. Osborne, 216 FSupp. 127, reversed on other grounds, 326 F2d 461; Seaman v. State Farm Mut. Auto. Ins. Co., 15 Ill. App.2d 537 (146 NE2d 808); Hardtner v. Aetna Cas. & Surety Co., (La. App.) 189 S. 365; Ard v. Fidelity & Cas. Co. of New York, (La. App.) 148 S2d 905; Howe v. Howe, 87 N.H. 338 (179 A 362); Case v. Fidelity & Cas. Co. of New York, 105 N.H. 422 (201 A2d 897); Ar-Glen Corp. v. Travelers

Ins. Co., 167 NYS2d 332, 335; Farm Bureau Mutual Auto. Ins. Co. v. Garland, 100 N.H. 351 (126 A2d 246); accord *Shaw v. State Farm Mut. Auto. Ins. Co.*, 107 Ga. App. 8, 10 (129 SE2d 85); *Maryland Cas. Co. v. U. S. Fidelity &c. Co.*, 91 Ga. App. 635 (86 SE2d 801); See 7 Appleman, Insurance Law and Practice 380, § 4409; 12 Couch on Insurance 2d 471, § 45.483 et seq. In support of this view is the fact that while many policies formerly contained such an exclusion of liability to the named insured, "since December 1, 1947, the standard liability policy form, as promulgated by the Mutual Casualty Insurance Rating Bureau and the National Bureau of Casualty Underwriters, no longer contains a clause expressly excluding liability for injury to or death of a named insured." 7 Appleman, Insurance Law and Practice 382, § 4409.

■ The risk covered by automobile liability policies is primarily liability arising from use of the automobile described in the policy and the risk is often extended to liability arising from the use of other automobiles. When automobile liability policies issued to the owner and to the driver both cover an injury, and one or both of the policies contains an excess insurance clause pertaining to non-ownership coverage, it is usually held that the policy issued to the owner of the vehicle is the "primary" policy and the insurer issuing it is liable up to the limits of the policy without apportionment. The policy providing that it shall be excess insurance as to non-ownership coverage is not regarded as collectible insurance until the limit of liability of the primary policy is exhausted. American Auto. Ins. Co. v. Republic Indemnity Co., 52 Cal.2d 507 (341 P2d 675); 16 Couch On Insurance 2d 519, § 62:72, 508, § 62:60; 8 Appleman 400, § 4914; 76 ALR2d 502, 505.

Accordingly, American Southern's policy, insuring liability arising from the use of the automobile involved in the collision causing the plaintiff's injuries, is the primary policy covering the liability of the permissive driver for the injury to the owner arising from the use of the owned automobile. The proration clause does not apply because there will be no other collectible insurance covering this transaction until the primary coverage of the owner's policy is exhausted. After American Southern's

$10,000 limitation of liability is applied to the recovery against the driver, insurance will become collectible under the excess clause of Chicago's policy and cover the remainder of the recovery against the driver up to its $10,000 limitation.

The trial court erred in holding that since the "other insurance" clause in each policy is identical they neutralize each other and are therefore unavailable to either of the insurance companies as a defense to the negligence suit, and in holding that the insurers are liable on a pro rata basis for any judgment ultimately rendered therein.

*Judgment reversed with direction to enter judgment in accordance with this opinion. Felton, C. J., and Eberhardt, J., concur.*