43351. ZURICH INSURANCE COMPANY v. NEW
AMSTERDAM CASUALTY COMPANY.

ARGUED JANUARY 15, 1968—DECIDED FEBRUARY 28, 1968—
REHEARING DENIED MARCH 18, 1968—CERT. 

*Long, Weinberg & Ansley, Palmer H. Ansley, John K. Dunlap,* for appellant.

*Shoob, McLain & Jessee, C. James Jessee, Jr., Thomas A. Rice,* for appellee.

DEEN, Judge. ██ Where the petition, answer, and general and special demurrers to the petition were all filed prior to the advent of the Civil Practice Act, it was not an abuse of discretion for the trial court to deny a motion to dismiss the demurrers and to proceed on the basis of the pleadings as they existed at the time the new procedure went into effect. *Republic Mortg. Corp. v. Beasley,* 117 Ga. App. 303.

■ Both policies of insurance here involved contained the following clause: "14. Other insurance. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss that the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; *provided, however, the insurance under this policy with respect to loss arising out of* the maintenance or use of any hired automobile insured on a cost of hire basis or the *use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.*" (Emphasis supplied.)

If Master Mix was in fact an insured under both policies, the contention of Zurich is correct, since the rule is that the insurance covering the vehicle, in such a situation, is effective and the liability thereon primary up to the limit of coverage, while the policy covering the operator is limited to excess coverage, up to the limits set by that policy. *Chicago Ins. Co. v. American Southern Ins. Co.,* 115 Ga. App. 799 (156 SE2d 143). Since Master Mix was the named insured in the Zurich policy, since it covered a non-owned motor vehicle used in the business of the insured, and since the truck was, under the allegations of the petition, in fact being used in the business of this corporation at the time of the collision, there is no doubt that Zurich had a potential liability, either as primary or excess carrier, in either of which cases its duty to defend was the same. *U. S. Fidelity &c. Co. v. Watson,* 106 Ga. App. 748 (128 SE2d 515). New Amsterdam's position is somewhat more equivocal. It has agreed that the definition of an insured shall be extended to any person using the vehicle, provided its actual use is with the permission of the named insured. A discussion of the words "actual use" within the coverage of the omnibus clause may be found in 5 ALR2d 600, § 4. As there pointed out, the substitution of the words "actual use" for "use" or the provision "being used with the permission of the named assured" has been subject to varying interpretations, but is usually not to restrict a use which is not excluded by the permission granted. We accordingly hold that in any event the actual use of the

vehicle is with the permission of the named insured where it appears that permission to use was granted by the named insured to the operator of the vehicle and it does not appear that the use being made at the time of the collision was one prohibited or excluded by the general permission, without entering into any discussion as to what amount of variation from the permission granted might be necessary to reach an opposite conclusion. Nothing in this petition suggests that Ward was forbidden to use the vehicle within the scope of his employment by Master Mix, Inc. This of course puts Ward, the driver, in the category of an insured, but Loggins did not sue Ward, he sued and obtained judgment against Master Mix, Inc., only, basing the action on Ward's negligence and the liability on *respondeat superior*. H. Steele, Inc., did not agree that Master Mix should use the vehicle; on the other hand, Ward was *actually* using it, and it does not appear that the use by Ward was limited in such manner as to exclude his use of it on behalf of and in the course of his employment with his employer. Further, the definition includes both the person using and the "person or organization legally responsible for" such use, and the latter phrase is sufficiently broad to include an employer who is responsible for the negligent use by the employee in a *respondeat superior* situation. Pleasant Valley Lima Bean Growers &c. Assn. v. Cal-Farm Ins. Co., 142 Cal. App. 2d 126 (298 P2d 109); Nistendirk v. McGee, 225 FSupp. 883; Vaughn v. United States, 225 FSupp. 890; Royal Indem. Co. v. Hook, 155 Va. 956 (157 SE 414). It follows that Master Mix was under the facts stated, an insured within the provisions of the defendant's insurance contract with H. Steele, Inc., the owner of the vehicle, since Ward was actually using it with the permission of the named insured, and since Master Mix was legally responsible for its use in this connection. This placed New Amsterdam in the position of carrier of the primary coverage, and Zurich, as it contends, of the excess coverage carrier.

■ The plaintiff's policy also contained the following: "Subrogation. In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the

insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights." This clause was held in *Phoenix Assur. Co. v. Glens Falls Ins. Co.*, 101 Ga. App. 530 (114 SE2d 389) ample protection to an insurer doubtful of its position as carrier of primary or excess coverage because it places the insurer in the same position as its insured. Since we have held that Master Mix, Inc., is an insured of New Amsterdam Insurance Company, and that the liability of this plaintiff is for excess coverage, the necessary conclusions under the precedents above cited are (1) that this plaintiff had a duty to defend regardless of its position as excess rather than primary carrier, and (2) that by its initial contract with its insured it has the right to recover from the defendant insurer in the same manner that its insured would have had, had Master Mix, Inc., defended the case and paid off the judgment.

The trial court erred in sustaining the general demurrers to the petition.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*