## 48921. STATE FARM FIRE & CASUALTY COMPANY v. HOLTON.

DEEN, Judge.

1. This case is essentially a battle between two insurers seeking to determine their respective liabilities resulting from a motor boat collision. General Accident Fire & Life Assur. Corp. insured the owner, Long, and any

person operating the boat with his permission. Holton, operating the boat with the permission of Long, was insured by State Farm Fire & Casualty Co. The insurance contracts involved are both homeowner's policies, both cover Holton (the defendant in a wrongful death action resulting from the collision) as an insured in his capacities respectively of permissive user and named insurer, and both contain an excess coverage clause providing that under the circumstances here stated "the insurance under this policy shall apply only as excess insurance over such other insurance," without regard to whether the insured is named or unnamed, or whether the vehicle is owned or non-owned. In deciding the respective liabilities of the insurers, we make no distinction between motor boats and automobiles in considering applicable law, nor do we put any emphasis on the fact that, since the motor boat in question was larger than that otherwise permitted in the General Accident policy, coverage on it had been added by special endorsement at an increased premium.

2.  Where there is a conflict between the insurer of the property which includes as an additional insured the operator during permissive use, and the insurer of the operator which protects him while operating a non-owned vehicle, and where the policies provide for pro rata coverage under certain circumstances but provide excess coverage only in the event of user of a non-owned vehicle, the rule is that the insurer of the vehicle is charged with primary liability up to its policy limits, and the other insurer is liable for excess coverage up to the amount of judgment or its policy limit. *Chicago Ins. Co. v. American Southern Ins. Co.*, 115 Ga. App. 799 (2) (156 SE2d 143) *Zurich Ins. Co. v. New Amsterdam Cas. Co.*, 117 Ga. App. 426 (160 SE2d 603).

2.  Where, on the other hand, both insurers attempt to limit their liability to excess coverage "if there is other insurance," then the clauses are irreconcilable, cancel each other out, and the liability is to be divided equally between them. *Southern Home Ins. Co. v. Willoughby,* 124 Ga. App. 162 (182 SE2d 910); *Home v. Great American Ins. Co.,* 109 Ga. App. 24 (134 SE2d 865).

3. *Hartford Steam Boiler &c. Ins. Co. v. Cochran Oil*

*Mill &c. Co.,* 26 Ga. App. 288, 291 (105 SE 856) states: "The proposition [of proportionate contribution] is simple enough where there are several valid policies in different companies, which insure the same party, upon the same subject matter, and assume the same risk. This constitutes what is denominated 'double insurance,' and . . . each policy must in such a case contribute proportionately to the loss, even in the absence of any specific provision so requiring." The fact that in that case one insurer had the primary and the other the excess coverage was based on the facts that "the nature of the risks and duties assumed, as well as the subject-matter of the insurance, is widely diverse" in the two policies there considered. Here we have two homeowner's policies with liability coverage of owned and non-owned motor boats and substantially identical attempted limitation of liability clauses; that is, we have two valid policies in different companies insuring the same party upon the same subject matter and assuming the same risk. Accordingly, *Hartford* does not require a different conclusion.

5. From what has been said above, it is obvious that none of the pro rata apportionment clauses of the various policies apply, and that there is a specific statement in each policy making its coverage excess *under the circumstances of this case.* The State Farm policy, particularly (Conditions, 7 (b)) states that liability insurance for injury "arising out of the. . .use. . . of any watercraft" shall be excess insurance "over any other valid and collectible insurance available to the insured." It is thus absolutely specific as to the *use of watercraft.* Holton was using a watercraft. The General Accident policy, which contained general pro rata and excess coverage provisions applicable to homeowner's policies, provided a *specific* motorboat indorsement stating generally that if there was any other insurance available to any other *named or unnamed* insured, this indorsement would apply only as excess insurance. Thus, both policies are very specific in placing excess coverage restrictions specifically on the watercraft. These restrictions do not, as was the case in the *Chicago Ins. Co.* case, supra (115 Ga. App. 799), place excess coverage

restrictions on *nonownership* coverage, then it is considered that the *nonownership* or *extended coverage* does not come into effect until the primary coverage is exhausted. This decision accepts that rule. But here, *both* policies address themselves specifically to *use of watercraft* and attempt to limit themselves to excess coverage *regardless* of whether the boat is *owned or nonowned* and whether the insurance is *named or unnamed*. They are absolutely antithetical and must therefore be disregarded.

See cases cited in 69 ALR2d 1122 Anno.: "Apportionment of liability between liability insurers each of whose policies provides that it shall be 'excess' insurance." See that annotation, p. 1123 et seq., commencing: "There is a growing tendency in the entire picture to reject the circular reasoning, more prevalent in an earlier day, whereby the restrictive clause of one policy will be given prior effect, or one of two policies affording coverage upon different hypotheses will be deemed 'specific' and therefore, to constitute 'primary' insurance. This rejection has been strongest in cases where the conflict has been between like 'other insurance' clauses."

We do not have here a situation where both policies have excess insurance provisos as to nonownership coverage, but the insured has ownership coverage as to one and nonownership coverage as to the other. Here we have a specific exclusion attempting to assert only extended coverage, *regardless of whether* the defendant is included as an owner-insured or a nonowner, unnamed insured. In such an instance, pro rata coverage is the only equitable answer, and it is in line with the majority of cases throughout the country.

The trial court properly held that General Accident Corp. was entitled to pro rata contribution after paying the judgment obtained against Holton, and properly denied the motion of the defendant State Farm to dismiss the complaint.

*Judgment affirmed. Hall, P. J., and Stolz, J., concur.*

Argued January 16, 1974 — Decided February 21, 1974 — Rehearing denied March 13, 1974 —

*Martin, Snow, Grant & Napier, Cubbedge Snow, Jr., John C. Edwards,* for appellant.

*Harris, Watkins, Taylor & Davis, T. Reese Watkins,* for appellee.