## CIRCUIT COURT OF THE CITY OF RICHMOND

State Capital Ins. Co.

v.

Mutual Assurance Soc.

Case No. 7421

Mutual Ins. Co. of Frederick, Md.

v.

Mutual Assurance Soc.

Case No. 7495

Mutual Ins. Co. of Frederick, Md.

v.

State Capital Ins. Co.

Case No. 9294

May 18, 1976

BY JUDGE RICHARD L. WILLIAMS

By agreement of counsel the above three actions were consolidated for trial and final disposition . . . . To simplify the record, the following exhibit designations have been made: State Capital's policy, PA; Mutual of Frederick's policy, PB; Mutual of Virginia's policy, PC; Stipulation of Facts, PD.

Exhibit PD recites facts which conclusively establish that at the time Christopher McGhee was involved in a boating accident on June 13, 1971, resulting in personal injuries to Doris A. Dawson, the three above identified insurance policies provided coverage for the event. The issue to be resolved here is whether any particular priority of

coverage was provided by the three policies, or whether they provide concurrent coverage. An ancillary question to concurrent coverage is a quantitative problem since the policies were written for varying amounts.

State Capital's and Mutual of Frederick's contention that Mutual of Virginia's policy provides primary coverage by virtue of § 38.1–381(a) of the Code of Virginia, 1950, as amended, is rejected, as this section only mandates that no policy issued or delivered in Virginia can provide less coverage quantitatively and qualitatively for a permissive user than that provided for a named assured.

After studying all of the authorities cited and pertinent provisions of the three policies, I can find no reason to think that the Supreme Court of Virginia will not follow the basic reasoning and conclusions of the Court in *State Farm v. Holton*, 131 Ga. App. 247, 205 S.E.2d 872 (1974). I therefore hold that since the three policies contain clauses relating to other insurance that are basically the same, they neutralize each other and the policies provided concurrent coverage for the accident of June 13, 1971. Proration according to amount of coverage provided seems to be as equitable as any other scheme for apportioning a loss between competing carriers and this is the disposition that will be made here.