72859. GEORGIA MUTUAL INSURANCE COMPANY
v. SOUTHERN GENERAL INSURANCE COMPANY.
(351 SE2d 658)

BENHAM, Judge.

On April 13, 1983, an automobile owned by a woman to whom appellant Georgia Mutual Insurance Company had issued an automobile insurance policy was involved in a collision while being driven, with the owner's permission, by a man to whom appellee Southern General Insurance Company had issued a policy of automobile insurance. When suit was filed against both the owner and the driver of the automobile, appellant unsuccessfully sought appellee's participation in the defense of the lawsuit. Appellant settled with the plaintiffs for $10,000 and received an assignment of the plaintiffs' claims against appellee. Appellant then filed this action, seeking contribution of one-half of the settlement from appellee as well as the expenses of litigation under OCGA § 13-6-11. Appellee filed an answer denying liability, and a counterclaim seeking the expenses of litigation. Both parties filed motions for summary judgment which were denied by the trial court. Viewing the matter as one calling for the resolution of a

question of law, we granted appellant's application for interlocutory review of the trial court's denial of summary judgment to appellant.

The issue presented to this court is whether the identical "excess coverage" provisions contained in the policies are irreconcilable, thereby cancelling each other out and effectuating pro-rata coverage clauses of the policies, or whether only appellee's excess coverage provision is applicable, thereby making appellant the primary insurer. Compare *Southern Home Ins. Co. v. Willoughby*, 124 Ga. App. 162 (182 SE2d 910) (1971), and *Chicago Ins. Co. v. American &c. Ins. Co.*, 115 Ga. App. 799 (156 SE2d 143) (1967). See also *State Farm Fire &c. Co. v. Holton*, 131 Ga. App. 247 (205 SE2d 872) (1974).

It is undisputed that appellant's policy, issued to the automobile owner, also covered the permissive user; and appellee's policy, issued to the driver, covered its insured when the insured used an automobile other than his. Thus, the driver was an insured under both policies. Both policies state: "If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss; *provided, however, under [liability coverage] the insurance with respect to . . . other automobiles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance*." (Emphasis supplied.) In both policies, "Insuring Agreement V" extended the policy's coverage to any automobile used by the policy's named insured. Thus, subject to certain restrictions not applicable here, when the named insured of either policy used "any other automobile" than the private passenger automobile covered by the policy, the insurance coverage was, according to each policy, "excess insurance." Since appellee's insured was driving an "other automobile" (i.e., an automobile other than the private passenger automobile described in appellee's contract of insurance with its insured), the coverage extended by appellee, by the terms of its policy, was excess insurance. Appellant's policy, on the other hand, insured the permissive driver while driving the private passenger automobile covered by appellant's policy with no limitation on the extent of coverage. Thus, appellant's excess insurance clause, limited to incidents when the named insured was driving an automobile other than the car insured by the policy, did not come into play.

The policy clauses at issue in the case at bar are similar to the provisions involved in this court's decision in *Chicago Ins. Co. v. American &c. Ins. Co.*, supra. In that case as well as the present one, policies issued to the owner and the driver both covered an injury, and both policies in both cases contained an excess insurance clause pertaining to non-ownership coverage. In such cases, "it is usually

held that the policy issued to the owner of the vehicle is the 'primary' policy and the insurer issuing it is liable up to the limits of the policy without apportionment. The policy providing that it shall be excess insurance as to non-ownership coverage is not regarded as collectible insurance until the limit of liability of the primary policy is exhausted. [Cits.]" Id. at Division 2.

Appellant is of the opinion that *State Farm Fire &c. Co. v. Holton*, supra, controls the outcome of this case. We disagree. In *State Farm v. Holton*, this court held that where the permissive user was covered under the owner's policy as well as his own, and where the policies contained identical excess coverage clauses *that did not depend on the owner/non-owner status of the driver*, "the clauses are irreconcilable, cancel each other out, and the liability is to be divided equally between them. [Cits.]" Id. at 248. In the case at bar, while the excess coverage clauses are identical, the applicability of the clause in each policy is dependent upon non-owner status of the driver. Since the vehicle involved in the collision was owned by the named insured of one of the two insurance companies at odds herein, only one excess coverage clause, that contained in appellee's policy, was applicable. Because the excess coverage clauses presently at issue were dependent upon the non-owner status of the driver, *State Farm v. Holton* is not applicable. Cf. *Garmany v. Mission Ins. Co.*, 785 F2d 941, 947, fn. 6 (11th Cir. 1986). The fact that the clauses are identical, standing alone, does not mandate the conclusion that the clauses are irreconcilable and cancel each other out. The two insurance policies must be read with the factual setting in mind. Having done so, we find no error on the part of the trial court in denying summary judgment to appellant.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

## On Motion for Rehearing.

Through a motion for rehearing, appellee Southern General Insurance Company requests this court to rule on an issue Southern General asserts it raised in a cross-appeal. Although appellee filed an enumeration of error and a brief in which it denoted itself as cross-appellant, appellee never filed a notice of cross-appeal as required by OCGA § 5-6-38 (a) and Rule 33 of the Rules of the Court of Appeals, and no such cross-appeal was docketed in this court. Accordingly, the correctness of the trial court's ruling adverse to appellee was not before this court and was not considered. *Chester v. Ga. Mut. Ins. Co.*, 165 Ga. App. 783 (1) (302 SE2d 594) (1983).

*Motion for rehearing denied.*

DECIDED NOVEMBER 17, 1986 —
REHEARING DENIED DECEMBER 10, 1986.

*Steven P. Gilliam*, for appellant.
*James E. Brim III*, for appellee.