A90A0218. SOUTHERN GENERAL INSURANCE COMPANY v. BOERSTE et al.
(394 SE2d 566)

McMURRAY, Presiding Judge.

A suit was filed against Albert Boerste, appellee in the case sub judice, as executor of the Estate of Francis J. Boerste, and Augusta Aviation, Inc. ("Augusta Aviation" in the case sub judice), seeking damages for injuries suffered by Philip Brian Clark on June 25, 1987, as the result of the alleged negligence of Francis J. Boerste while operating an airplane owned by Allgood Healthcare, Inc. ("Allgood Healthcare" in the case sub judice). Francis J. Boerste had been provided as a pilot by Augusta Aviation at the request of Allgood Healthcare to fly its aircraft for the business purposes of Allgood Healthcare. Clark was a passenger in the plane, which was insured by appellant Southern General Insurance Company ("Southern General") for liability for bodily injury and property damage. Francis J. Boerste and Augusta Aviation were covered by a Federal Insurance Company ("Federal" in the case sub judice) policy, and pursuant to its provisions Federal assumed their defense. Southern General refused to

provide any defense and denied liability for any judgment that might be entered against the Boerste estate.

On January 3, 1989, Albert Boerste brought a declaratory judgment action against Southern General, Federal, Augusta Aviation and Clark, seeking to have Southern General declared primarily responsible for defending the underlying case and paying any judgment rendered up to the limits of the policy's liability coverage. Federal's policy had a clause providing that "[i]f an Insured other than a Named Insured has other insurance against a loss covered by . . . this policy, this insurance shall be excess insurance only over any other valid and collectible insurance with respect to such Insured and then only to the extent necessary so that the total applicable limits of all valid and collectible insurance for the benefit of such Insured shall be not less than the limits of liability stated in the Declarations." The Southern General policy contained no "other insurance" clause. The trial court found in favor of Albert Boerste, as executor of the Estate of Francis J. Boerste, on his motion for summary judgment and Southern General appeals. *Held*:

1. Southern General contends that Francis J. Boerste was excluded from coverage by the terms of its policy because he was an employee of Augusta Aviation, which was an independent contractor to Allgood Healthcare. The Southern General policy defines "insured" as, in addition to the named insured, "any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with your permission. This does not apply to any employee with respect to bodily injury of another employee of the same employer injured in the course of such employment. This does not apply to any person or organization or to any agent or employee thereof (other than an employee of the Named Insured while acting in the course of his employment by the Named Insured) engaged in the manufacture or sale of aircraft or aircraft parts, nor in the operation of an aircraft repair shop, airport hangar, aircraft sales agency, aircraft rental service, commercial flying service or flying school with respect to any occurrence arising out of such manufacture, sale or operations. This does not apply to any person operating the aircraft under the terms of any rental agreement or training program which provides any remuneration to you for use of said aircraft."

The trial court held, in ruling on plaintiff's motion for summary judgment, that Francis J. Boerste "was at the time of the incident at issue an insured under the policy of insurance issued by Southern General Insurance Company and Southern General Insurance Company has the primary obligation to defend the Estate of Francis J. Boerste in the action pending in the Superior Court of Richmond County, Georgia, Civil Action File No. 88-RCCV-596, captioned

Philip Brian Clark, a Minor, by P. J. Clark, as father and natural guardian vs. Albert Boerste as Executor of the Estate of Francis J. Boerste and Augusta Aviation, Inc." While there have been no Georgia cases interpreting this issue in regard to aviation liability insurance policies, the automobile liability insurance decisions are clearly analogous. See also *State Farm Fire &c. Co. v. Holton,* 131 Ga. App. 247 (205 SE2d 872) (1974), applying principles of automobile liability insurance law to motor boats. In automobile liability insurance cases, " 'it is usually held that the policy issued to the owner of the vehicle is the "primary" policy and the insurer issuing it is liable up to the limits of the policy without apportionment. The policy providing that it shall be excess insurance as to non-ownership coverage is not regarded as collectible insurance until the limit of liability of the primary policy is exhausted. (Cits.)' " *Georgia Mutual Ins. Co. v. Southern Gen. Ins. Co.,* 181 Ga. App. 238, 239, 240 (351 SE2d 658) (1986). This rule has been followed in other jurisdictions in regard to aviation insurance coverage, and we see no reason not to do so here. See, e.g., *Fort Myers Airways, Inc. v. American States Ins. Co.,* 411 S2d 883 (Fla. App. 1982); *Buck v. U. S. Aviation Underwriters,* 763 F2d 224 (6th Cir. 1985). Since Francis J. Boerste was flying the airplane owned by the named insured, Allgood Healthcare, and using it with its permission, Southern General would be the primary insurer here even if its policy had also contained an "other insurance" clause. *Zurich Ins. Co. v. New Amsterdam Cas. Co.,* 117 Ga. App. 426 (2) (160 SE2d 603) (1968).

2. Southern General's argument that Francis J. Boerste was excluded as an insured under its policy because he was an employee of Augusta Aviation, and merely an independent contractor as to Allgood Healthcare, must likewise fail. " ' " 'The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contra-distinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. (Cits.)' (Cit.)" (Cits.)' [Cits.] ' "Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor." The test is not whether the employer *did in fact control* and direct the employee in the work, but it is whether the employer had that right under the employment contract.

(Cit.)' (Emphasis in original.) [Cit.]" *Atlanta Braves v. Leslie,* 190 Ga. App. 49, 51 (2) (378 SE2d 133) (1989).

In the case sub judice, the test is whether, when Allgood Healthcare obtained Francis J. Boerste's services as a pilot from Augusta Aviation it retained the right to control and direct him in the accomplishment of his assigned task. While Boerste's special skills as a pilot were obviously necessary for the services to be rendered, it is undisputed that Allgood Healthcare controlled the destination and time of the flight, and had it changed these plans Boerste would have been obligated to comply. "It is the control of the relationship and not of the instrument which determines the relationship between the parties. One may be a servant or agent of another even though the employee is so much more skilled in the endeavor that actual assumption of the control would be a 'folly.' [Cit.] The fact that [Francis J. Boerste] was also an employee of [Augusta Aviation] is not controlling. Under the common law of master and servant, a servant can at one time be generally the employee of his general employer and specially the employee of a special employer. [Cit.]" *Fort Myers Airways v. American States Ins. Co.,* supra at 886. See also *Moss v. Central of Ga. R. Co.,* 135 Ga. App. 904, 906 (219 SE2d 593) (1975). We agree with the reasoning of the United States Court of Appeals, Sixth Circuit, in *Buck v. U. S. Aviation Underwriters,* 763 F2d 224, supra, that under well-established principles governing the construction of insurance policies, the clause excluding coverage for "any employee," or as is the case here, ("any person . . . other than an employee of the Named Insured while acting in the course of his employment for the Named Insured"), should not be distinguished on the basis of "whether the employment be regular and continuous or incidental and temporary. . . . The term 'any employee' must be liberally construed to extend coverage to [Francis J. Boerste], who was serving as a temporary employee operating [Allgood Healthcare's aircraft] at the time of the accident." Id. at 227.

3. Southern General further contends that Clark's presence as a passenger in the airplane was outside the permission granted by Allgood Healthcare for the use of the plane, and therefore voided coverage under its policy. However, the appellate courts of this State have taken an adverse position in considering similar omnibus clauses in automobile policies dealing with "actual use" of the insured vehicle with permission by the named insured. As stated in *Strickland v. Ga. Casualty &c. Co.,* 224 Ga. 487, 489 (2), 490 (162 SE2d 421) (1968), "[t]he policy, among other things, insures against obligations arising from the negligent or unlawful operation of the described vehicle. Under [Southern General's] contention, if the named insured permitted the use of the vehicle and at the same time prohibited its negligent or unlawful operation, it would defeat the very purpose of the

policy." "Thus, where a third person utilizes a vehicle via another person who did have permission from the owner, the fact that such third person had neither express nor implied permission from the owner is irrelevant." *Georgia Farm Bureau Mut. Ins. Co. v. Allstate Ins. Co,* 190 Ga. App. 593 (1), 594 (379 SE2d 619) (1989). It follows, there being no genuine issues of material fact, that the trial court's grant of summary judgment holding Southern General to be the primary insurer was correct.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 3, 1990 —
REHEARING DENIED MAY 16, 1990 — 

*Fulcher, Hagler, Reed & Obenshain, William C. Reed, Ronald C. Griffeth,* for appellant.

*Burnside, Wall & Daniel, James B. Wall, Mozley, Finlayson & Loggins, William D. Harrison, Deborah Finnerty, Knox & Zacks, Raymond G. Chadwick,* for appellees.