[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13779

Non-Argument Calendar

_____

NATIONAL CASUALTY COMPANY,

Plaintiff-Counter Defendant-Appellant,

*versus*

GEORGIA SCHOOL BOARD ASSOCIATION – RISK
MANAGEMENT FUND,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:16-cv-00691-LMM

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

This case is about the apportionment of liability between National Casualty Company and the Georgia School Board Association – Risk Management Fund, both of which insure Georgia public school employees. Both parties' insurance contracts include clauses asserting that when an educator is covered by "other insurance," they'll only provide "excess" coverage. Applying Georgia law, the district court found these clauses irreconcilable and directed the parties to provide coverage on a pro rata basis. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

National Casualty is an insurance company that provides policies to the Professional Association of Georgia Educators. The Fund is an agency created by Georgia statute that enables boards of education to share liability risk.

Several Georgia educators, who were insured by both National Casualty and the Fund, were sued. National Casualty and the Fund disagreed about who bore the primary duty to defend and indemnify them. The dispute arose from National Casualty's and the Fund's dueling "other insurance" clauses. National Casualty's clause stated:

> This policy is specifically excess if the insured has other insurance of any kind whatsoever, whether

primary or excess, or if the insured is entitled to defense or indemnification from any other source whatsoever, including by way of example only, such sources as state statutory entitlements or provisions. Other insurance includes, but is not limited to, insurance policies, state pools, and programs of self-insurance, purchased or established by or on behalf of any **EDUCATIONAL UNIT**, to insure against **CLAIMS** arising from activities of the **EDUCATIONAL UNIT** or its employees, regardless of whether or not the policy or program provides primary, excess, umbrella[,] or contingent coverage.

In addition, [Liability Coverage] is specifically excess over coverage provided by any **EDUCATIONAL UNIT'S** or school board's errors and omissions or general liability policies, purchased by the insured's employer or former employers, or self-insurance program or state pools, whether collectible or not, and it is specifically excess over coverage provided by any policy of insurance which purports to be excess to a policy issued to the insured.

The Fund's clause was shorter. It provided: "If valid and collectible insurance is available to the Member for a loss covered by [the Fund] under any coverage parts within this Coverage Document, the obligations of [the Fund] are excess over the available and collectible insurance."

National Casualty sued for a declaratory judgment that the Fund had "the primary duty to defend and indemnify" the educators. The Fund counterclaimed. The Fund sought its own declaratory judgment that National Casualty was at least responsible for covering a pro rata share of the educators' defense and indemnity costs. The Fund brought two other counterclaims to recover the amounts it had paid to defend and indemnify the educators: a breach of contract and legal contribution claim and an unjust enrichment and equitable contribution claim.

National Casualty moved for summary judgment on its claim for declaratory judgment, and the Fund cross-moved for partial summary judgment on its claim for declaratory judgment. The district court denied National Casualty's motion and granted the Fund's motion. The district court concluded that the parties' conflicting "other insurance" clauses couldn't be reconciled. So the district court applied a Georgia rule that when two insurance policies covering the same risk are irreconcilable, the insurers must share defense and indemnity costs on a pro rata basis.

Both parties moved for reconsideration, and the district court certified to the Supreme Court of Georgia whether the irreconcilable-clauses rule applied to an entity "entrusted with public funds," like the Fund. The Supreme Court of Georgia answered that "no law or public policy" prohibited application of the irreconcilable-clauses rule simply because the Fund was a creature of statute and not a commercial insurance company. *Nat'l Cas. Co. v. Ga. Sch. Bds. Ass'n-Risk Mgmt. Fund*, 818 S.E.2d 250, 255–56 (Ga.

2018). With the answer from the Georgia Supreme Court, the district court declined to reconsider its partial summary judgment order.

The parties then filed a joint notice of stipulated facts in which the Fund stipulated to the dismissal of its attorney's fee counterclaim and both parties withdrew their jury trial demand and requested that the district court enter final judgment. The parties said they had "reached a compromise agreement as to how defense costs and indemnity obligations" would be shared pro rata to comply with the district court's partial summary judgment order. They stipulated to the facts necessary to calculate damages and agreed that National Casualty's pro rata share "to date" for actions related to mutually covered individuals totaled $481,231.84, along with $99,037.51 in prejudgment interest. The parties also reserved their appeal rights.

The district court entered final judgment consistent with the parties' stipulated facts. The judgment explained that—pursuant to the partial summary judgment order and the ensuing stipulations—the Fund was awarded the stipulated amounts and future defense and indemnity expenses were to be apportioned equally.

National Casualty appeals the partial summary judgment order.

## STANDARD OF REVIEW

We review an order granting summary judgment de novo. *Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020).

## DISCUSSION

The irreconcilable-clauses rule has a long pedigree in Georgia, starting with *State Farm Fire & Casualty Co. v. Holton*, 205 S.E.2d 872 (Ga. Ct. App. 1974). There, the Court of Appeals of Georgia held that when "both insurers attempt to limit their liability to excess coverage 'if there is other insurance,' then the clauses are irreconcilable, cancel each other out, and the liability is to be divided equally." *Id.* at 874 (citing *S. Home Ins. v. Willoughby*, 182 S.E.2d 910, 914 (Ga. Ct. App. 1971)); *accord Fund*, 818 S.E.2d at 253; *Carolina Cas. Ins. v. Underwriters Ins.*, 569 F.2d 304, 315 (5th Cir. 1978).

National Casualty contends that the district court erred in finding that, under *Holton*, the parties' "other insurance" clauses canceled each other out and the parties must split defense and indemnity costs pro rata. National Casualty argues the irreconcilable-clauses rule doesn't apply to this case for two reasons.

First, National Casualty stresses that the Fund's "other insurance" clause states that "[i]f valid and collectible insurance is available . . . , the obligations of [the Fund] are excess over the available and collectible insurance." Based on this language, National Casualty argues that the Fund's "other insurance" clause wasn't triggered because National Casualty's policies are neither available nor collectible.

The policy language at issue in *Holton* demonstrates that this argument falls short. There, State Farm and General Accident had issued insurance contracts, both including "other insurance" clauses. *Holton*, 205 S.E.2d at 873. State Farm's "other insurance"

clause—like the Fund's clause in our case—stated that its coverage was "excess insurance over any other valid and *collectible* insurance available." *Id.* at 874 (emphasis added, quotation omitted). In contrast, General Accident's "other insurance" clause simply provided that "if there was any other insurance available," then its policy applied "only as excess insurance." *Id.* General Accident's clause, unlike State Farm's, didn't include any language that the other insurance policy had to be "collectible." *See id.* Despite this difference, the *Holton* court found the two policies' "other insurance" clauses "absolutely antithetical" and ruled they must "be disregarded" in favor of "pro rata coverage." *Id.* at 874–75.

So too here. Although General Accident's "other insurance" clause in *Holton* may be shorter than National Casualty's clause in our case, they're functionally the same in that neither requires that the "other insurance" be "collectible." Moreover, also like General Accident's clause, National Casualty's clause is excess to "any" other insurance available, be it "primary, excess, umbrella[,] or contingent." Even so, National Casualty's policies are "collectible" and "available" because they'd pay if liability exceeded what the other insurance covered. Because National Casualty's policies are "collectible" and "available," the Fund's "other insurance" clause kicks in to provide excess coverage. In this clash of irreconcilable "other insurance" clauses, Georgia law doesn't allow National Casualty's clause to supersede the Fund's clause. Instead, *Holton* dictates that liability is divided on a pro rata basis, which it describes as "the only equitable answer." *Id.* at 875.

Second, National Casualty argues that, unlike the Fund's more general clause, its more specific clause is "super excess" because it expressly provides that its coverage is excess to any other coverage—even if that other coverage is itself excess.

The Georgia court rejected a similar argument in *Holton*. There, the *Holton* court explained that there's

> a growing tendency in the entire picture to reject the circular reasoning, more prevalent in an earlier day, whereby the restrictive clause of one policy will be given prior effect, or one of two policies affording coverage upon different hypotheses will be deemed "specific" and therefore, to constitute "primary" insurance. This rejection has been strongest in cases where the conflict has been between like "other insurance" clauses.

205 S.E.2d at 874–75. National Casualty advocates for a rule— where a more specific "other insurance" clause governs a more general "other insurance" clause—that's contrary to Georgia law, and the law of most other states. *See, e.g.*, *Home Ins. v. St. Paul Fire & Marine Ins.*, 229 F.3d 56, 61 (1st Cir. 2000) ("[M]ost courts came to reject" the rule that "considered the primary insurer to be the one whose 'other insurance" clause was more general in scope."). The district court didn't err in rejecting it.

**AFFIRMED**.