### 43818. COTTON STATES MUTUAL INSURANCE COMPANY v. LEE et al.

WHITMAN, Judge. This appeal arises out of a declaratory judgment action. Cotton States Insurance Company (hereinafter called "Cotton States") petitioned the superior court to declare whether it was obligated to defend appellee Thomas Lee against a suit for damages by appellee Abraham Ricks. Cotton States is the insurer of Thomas Lee under a policy of automobile liability insurance. The policy was issued to Lee, a minor, to cover him with regard to his 1965 Ford Mustang automobile.

When the collision occurred, Lee was not driving the Mustang described in the policy, but was driving a 1965 Oldsmobile sedan owned by Lee's parents (or furnished for their regular use). Lee was residing with his parents at the time of the collision.

The trial court, with the benefit of a special verdict by a jury on certain issues of fact, declared that Lee did have coverage under the policy under the "Temporary substitute automobile" provision thereof and that Cotton States would be required to assume such liabilities and responsibilities as are imposed by the terms of the policy. This order is enumerated as error. *Held:*

1. By the terms of the policy, Cotton States agreed to pay on behalf of Lee all sums which Lee should become legally obligated to pay as damages because of bodily injury and property damage arising out of Lee's ownership, maintenance or use of the *automobile.*

The policy provides that the word "automobile" means (1) the automobile "described in the policy", or (2) a temporary substitute automobile, i.e., "an automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."

The reason for Lee's use of the Oldsmobile rather than the Mustang on the day of the collision was a disputed issue. A jury was instructed to answer the question by special verdict, to wit: "Was Thomas G. Lee's 1965 Ford Mustang automobile withdrawn from normal use because of its breakdown, repair,

servicing, loss, or destruction at the time of the accident on August 13, 1966?" The jury answered "Yes." This verdict is not attacked as contrary to the evidence or in any other manner whatsoever. Nor has it ever been contended that Lee or his spouse owned the Oldsmobile. The jury, in answer to another question, determined that the Oldsmobile was furnished for the regular use of Lee's mother and father.

The purpose of a "substitution" provision is, of course, to be determined from its own language. But generally, as pointed out in 34 ALR2d 936, 947, citing the case of Lloyds America v. Ferguson, 116 F2d 920, the purpose of a substitution clause is not to narrowly limit or defeat coverage, but to make the coverage reasonably definite as to the vehicle the insured intended normally to use, while at the same time permitting operations to go should the particular vehicle named be temporarily out of commission.

"A substitute coverage clause is for the benefit of the insured. Accordingly, if any construction is required of a substitute clause, it should be for his benefit. At the same time, ambiguity is not to be found where none exists, and the contract must be interpreted as written, and the substitution provision is neither to be unreasonably extended to materially increase the risk contemplated by the insurer, nor is it to be narrowly applied against the insured, inasmuch as the clause is designed for his protection." 12 Couch on Insurance 2d 261, § 45:221.

The case of *Samples v. Georgia Mut. Ins. Co.,* 110 Ga. App. 297 (138 SE2d 463), relied on by the appellant, is not controlling here. The substitution clause there was identical to the one in the present case. But it was there determined that the automobile substituted was owned by the spouse of the insured, a fact to which the clause addresses itself and declares "no coverage."

In this case, Lee's automobile had been withdrawn from normal use for a reason which would authorize him to use a substitute. The substitute he used was not owned by him or his spouse. So far as these facts go, when compared with the "temporary substitute automobile" provision of his policy, Lee was not, in any wise, disqualified from coverage.

2. Appellant contends, however, that certain language in another portion of the policy, entitled "Use of Other Automobiles," prevents coverage in this case.

The "other automobile" provision provides a coverage *different*

*from and in addition to* the coverage provided while using a "temporary substitute automobile." The latter coverage has already been discussed. The "other automobile" coverage permits the insured, irrespective of whether his own insured automobile is operable, to use "any other automobile" subject to certain provisions. One of the qualifications, *under this particular coverage,* is that: "(d) This insuring agreement does not apply: (1) To any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse."

For a discussion of the "Use of Other Automobiles" clause, see 12 Couch on Insurance 2d, § 45:238 et seq. For the meaning of "same household," "owned by or furnished for regular use" and the general policy behind the limitations of this particular coverage, see Annot. 86 ALR2d 937.

The qualification appellant relies on addresses itself to the "other automobiles" coverage; it is self-contained therein, and will not be construed to be a qualification of other coverages in the policy to which it obviously does not apply. For example, the qualification is subject to the construction that "this agreement does not apply . . . to any automobile owned by . . . the named insured. . ." To apply this language to the entire policy, as the appellant contends should be done, would mean that the insured's premiums were nothing but donations.

Lee's status under the "other automobiles" section need not be decided here. It was established that he was within the "temporary substitute" coverage and that is sufficient to afford him the protection of the policy. The trial court did not err in so declaring.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

Argued September 3, 1968—Decided March 5, 1969.

*Jones, Cork, Miller & Benton, Carr G. Dodson,* for appellant.

*Harris, Russell & Watkins, Joseph H. Chambless, Philip R. Taylor, Adams, O'Neal, Steele, Thornton & Hemingway, Hardy Gregory,* for appellees.