## 47546. STRAIN POULTRY FARMS, INC. v. AMERICAN SOUTHERN INSURANCE COMPANY et al.

PANNELL, Judge. The American Southern Insurance Company brought a declaratory judgment action seeking advice as to its obligation to defend certain actions brought against Roy Preston Morgan, Strain Poultry Farms, Inc., and others. Among the allegations of the petition, which was admitted by Strain Poultry Farms, was one alleging that at the time of the collision on which the tort actions were based, "defendant Morgan and defendant Strain Poultry had a policy of insurance with the Petitioner which insured a 1968 Ford Tractor, Serial number X005 UC56656, and a 1956 Alabama Trailer, Serial number J-55441, being the property of [d]efendant Morgan," as per a copy attached and marked Exhibit A. As part of Exhibit A was an application for the insurance, signed by Morgan, which contained the following in writing

thereon: "Certificate of insurance naming Strain Poultry Farms, U. S. Highway 41, South Dalton, Ga., as additional named insured." There was also attached a certificate of insurance, which, while stating in the printed portion that "this certificate confers no right on the holder," certified that the American Southern Insurance Company had issued its policy No. CA-R86867 to Morgan covering the above identified Ford Tractor and Alabama Trailer, insuring against bodily injury liability and property damage liability in amounts specified, and under a heading "Special Comments" appeared, typed in, the following: "Additional named insured: Strain Poultry Farms, U. S. Highway 41, South Dalton, Georgia." See in this connection *Aetna Life & Cas. Co. v. Charles S. Martin Distributing Co.,* 120 Ga. App. 133 (169 SE2d 695).

Morgan, an employee of Strain Poultry in its poultry processing operations, also had a contract with Strain Poultry for hauling chickens at a stated price per pound, using his own equipment and drivers, and was required by Strain Poultry to take out the insurance involved in the present case. A short time after taking the insurance, Morgan bought a Kentucky trailer, and on the occasion in question, his driver was driving a temporary substitute tractor (see *State Farm Mut. Auto. Ins. Co. v. Lietz,* 122 Ga. App. 596 (178 SE2d 218); *Cotton States Mut. Ins. Co. v. Lee,* 119 Ga. App. 293 (166 SE2d 907); *Home Indemnity Co. v. Godley,* 122 Ga. App. 356 (177 SE2d 105)), hauling chickens in the Kentucky trailer owned by Morgan but not owned by Strain Poultry. The policy contained a provision that "this policy does not apply; . . . under coverages A and B while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with the automobile owned or hired by the insured and not covered by like

insurance in the company; . . ."

The policy was delivered to Morgan and the certificate of insurance to Strain Poultry. Plaintiff's motion for summary judgment was sustained and the construction and application of this exclusion provision of the policy was in the insurer's favor. Strain Poultry appealed. *Held:*

1. The insurer, under the above circumstances, is estopped by its pleadings ( *Lovell v. Frankum,* 145 Ga. 106 (5) (88 SE 569)) and its certificate of insurance to contend that Strain Poultry Farms, Inc., is not a named insured, or not insured, under the policy, as against the insurer's contention that the certificate of insurance was not binding because it was not attached to the policy as an endorsement thereon. Insofar as Strain Poultry Farms, Inc. is concerned, the contract consists of the certificate and the policy. See *Lipshitz v. New Zealand Ins. Co.,* 34 Ga. App. 825 (132 SE 131).

2. (a) Construing the policy most strongly against the insurer, the use of the Kentucky trailer by Morgan to perform his contract with Strain Poultry does not make it a vehicle "hired" by Strain Poultry. Shaw v. Hartford Accident &c. Co., 178 FSupp. 571.

(b) The insurer contends that the reference to trailers "owned or hired by the insured" in the exclusion clause refers solely to trailers owned by the primary named insured, Morgan; and that even though Strain Poultry did not own or hire the trailer the exclusion nevertheless applies. "This court has repeatedly applied the rule and stated it in different words, some of such decisions being *Massachusetts Benefit Life Assn. v. Robinson,* 104 Ga. 256 (2) [30 SE 918], where it is said: 'If a policy of insurance is capable of being construed in two ways, that interpretation must be placed upon it which is most favorable to the insured' . . .; and *Johnson v. Mutual Life Ins.* Co., 154 Ga. 653 (1, 2) (115 SE 14), that, 'If a policy of insurance is so

drawn as to require an interpretation, and is fairly susceptible of two different constructions, the one will be adopted most favorable to the insured. Policies of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions therein will be strictly construed against the insurer, as they are issued upon printed forms, prepared by experts at the insurer's instance, in the preparation of which the insured has no voice.' Again it is stated in *Penn Mut. Life Ins. Co. v. Milton,* 160 Ga. 168 (1) (127 SE 140, 40 ALR 1382): 'If a policy of life insurance is capable of two constructions, that interpretation will be placed upon it which is most favorable to the insured.' " *Davis v. United Amer. Life Ins. Co.,* 215 Ga. 521, 527 (111 SE2d 488).

It is stated in 45 CJS 894, Insurance, § 829 that: "An automobile liability policy which covers the use of an automobile by a third person is to be construed in the light of the language which it contains. The purpose of an omnibus or extended coverage clause of a policy, making the protection available to persons other than the named insured, or declaring other persons to be additional insureds, has been said to be to substitute the operator of the car for the owner while it is being operated with the latter's permission, and to extend the coverage beyond the limitations which would otherwise exist under the law of principal and agent, or the doctrine of respondeat superior, or under the 'family purpose doctrine.' It does not merely afford additional protection to the owner of the car; it creates liability insurance for the benefit of those who come within the clause and meet its requirements, even though they pay no premiums and contribute no benefit to insurer for the protection and even though they have no insurable interest, provided they are in a position to become legally liable for injury to others; and the contention that such persons have no recourse

against insurer, under the policy, because of lack of privity of contract has been rejected. The injured person is of course protected by such a clause. The clause does not enlarge the insurance coverage as defined in the policy or permit coverage inconsistent with declared or specified uses or purposes; and the additional insured's right to be indemnified depends on his compliance with the conditions of the policy." This seems to be substantially in accord with the law of this state. *Maryland Cas. Co. v. U. S. Fidelity &c. Co.,* 91 Ga. App. 635, 640 (86 SE2d 801); *State Farm Mut. Auto. Ins. Co. v. Burden,* 115 Ga. App. 611 (155 SE2d 426); *Chicago Ins. Co. v. American Southern Ins. Co.,* 115 Ga. App. 799 (156 SE2d 143); *Zurich Ins. Co. v. New Amsterdam Cas. Co.,* 117 Ga. App. 426 (160 SE2d 603).

The policy here shows clearly that others besides "the named insured" may become an "insured" under the policy. It further appears certain exclusions and limitations on coverage specifically mentioned "named insured" while others merely used the words "the insured" showing an intent to distinguish between the insureds generally and named insured. Even the insuring provisions, A & B of the policy, insuring against liability for personal injuries and property damage refer to "the insured." If the contention of the insurer be correct, then no insured other than a "named insured" is covered by the insuring clauses of the policy. Since in this state each insured under the policy, whether a named insured or others, is entitled to be defended by the insurer and judgments against such insured paid, within the limits of the policy of course, and, applying the exclusion clause to the respective insureds, especially Strain Poultry here, the insured Strain Poultry is not excluded from coverage by the exclusion clause. If the insurer had intended otherwise, it could very easily have eliminated the words "owned and hired by the insured," and thus,

have provided that any trailer uninsured by the company and used with an insured tractor would prevent coverage under the policy; or the insurer could have used the words "owned and hired by the named insured." It did not choose to do so. It is our opinion, therefore, that the trial judge erred in granting summary judgment in favor of the insurer and against Strain Poultry Farms, based upon the erroneous application of the exclusion clause. See in this connection Shaw v. Hartford Accident & Indemnity Co., 178 FSupp. 571, supra, affirmed 273 F2d 133; Brady v. American Ins. Co., (La. App.), 198 S2d 907; Boyington v. American Liberty Ins. Co., 284 Ala. 581 (226 S2d 640); Lynam v. Employers' Liability Assurance Corp., 331 F2d 757 (in which only the primary named insured sought defense and payment in event of recovery); American Indemnity Co. v. Richland Oil Co., 273 FSupp. 702 (clause enforced against primary named insured); Mountain States Mutual Cas. Co. v. Barsh, 330 F2d 200 (claim enforced against primary named insured). See also Yellow Transit Freight Lines v. Houston Fire &c. Ins. Co., (Tex. Civ. App.) 254 SW2d 891 (1952).

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*
ARGUED OCTOBER 3, 1972 — DECIDED MARCH 8, 1973 — REHEARING DENIED MARCH 26, 1973.

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Victor A. Cavanaugh,* for appellant.

*Henning, Chambers & Mabry, Edward J. Henning, Ward D. Hull,* for appellees.