49349, 34350. FULCHER et al. v. CANAL INSURANCE COMPANY; and vice versa.

CLARK, Judge.

This is a declaratory judgment action brought by

Canal Insurance Company, the insurer, against A. R. Fulcher & Sons, Inc., the insured, A. R. Fulcher, Austin Terry Fulcher and Robert E. Andrews, Jr. Defendants are parties to a pending tort action in which Andrews sued to recover for injuries sustained as a result of a vehicular collision between a 1964 Ford truck driven by Austin Fulcher and an automobile in which Andrews was an occupant. In that pending suit Austin Fulcher is alleged to have been employed by A. R. Fulcher, his father, at the time of the occurrence. This allegation is denied in the pending action by the Fulchers who assert that, at the time of the collision, Austin Fulcher was in the employ of A. R. Fulcher & Sons, Inc., the insured in the case at bar. The insurer sought a declaration that it was not liable to the insured, under an automobile liability policy, for the alleged misfeasance upon which the pending tort action is based. The insurer also sought to temporarily enjoin the defendants from proceeding in the pending case until a determination was made as to coverage under the policy. The trial court, sitting without a jury, ruled in favor of the insurer on the coverage issue but denied its prayer for injunctive relief. From these rulings the insurer, the insured and the Fulchers have taken these appeals.

The policy in question provides public liability coverage to the insured on two 1967 Ford diesel dump trucks for loss occasioned by the ownership, maintenance or use of specific insured automobiles. The policy definition of an insured "automobile" includes the motor vehicles described in the policy as well as any "temporary substitute automobile." The latter category is defined as "an automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction." The insurance contract also contains an exclusion clause which reads in part: "This policy does not apply. . . while the automobile is used for towing of any trailer owned or hired by the insured and not covered by like insurance in the company. . ." After hearing evidence, the court ruled that the 1964 Ford truck which was involved in the

collision "was not an insured vehicle under said policy of insurance issued by the plaintiff to A. R. Fulcher & Sons, Inc. Nor was said 1974 Ford . . . truck at said time a temporary substitute automobile as defined in said policy of insurance." The court found further that at the time of the occurrence, the truck "was towing a trailer owned or hired by the insured. . . and not covered by like insurance in the plaintiff. . ." Based on these findings the court concluded that the insurer was not obligated to furnish liability coverage to the Fulchers and A. R. Fulcher & Sons, Inc. under the policy.

1. Appellants contend the court erred in ruling that the truck involved in the collision was not a temporary substitute vehicle. This contention results from a misinterpretation of the court's finding of fact. The court did not find, as appellants assert, that a motor vehicle had to be a private passenger automobile to meet the policy definition of a temporary substitute vehicle. The court did find that the 1964 Ford truck was neither a described vehicle nor a temporary substitute for a described vehicle, and was not, therefore, an "automobile" within the terms of the policy.

The vehicle was not a temporary substitute automobile because its use was neither temporary nor as a substitute. The evidence introduced at the hearing demonstrates that the truck was often used in the business of the insured and was customarily used to haul various business appliances. Thus, its use was not temporary. And, although there is a conflict in the evidence on the "substitute issue" there was ample evidence for the court to conclude that the appellants had not attempted to use the insured vehicles on the date in question. The truck was not, therefore, a substitute for the insured vehicles. "Where, as here, the parties consent for the court, without the intervention of a jury, to determine all issues in the cause, this court will not reverse the judge if there is any evidence to support his finding, no error of law appearing. *Atkins v. C & S Nat. Bank,* 127 Ga. App. 348, 350 (193 SE2d 187) and cit." *Cook v. Van Deren Hardware, Inc.,* 129 Ga. App. 768 (201 SE2d 328).

The policy's substitution clause is not ambiguous. It

clearly provides that a "temporary substitute automobile" must be used temporarily, and as a substitute for an insured vehicle. " '[A]mbiguity is not to be found where none exists, and the contract must be interpreted as written, and the substitution provision is neither to be unreasonably extended to materially increase the risk contemplated by the insurer, nor is it to be narrowly applied against the insured, inasmuch as the clause is designed for his protection.' " *Cotton States Mut. Ins. Co. v. Lee,* 119 Ga. App. 293, 294 (166 SE2d 907). Since the court found that the automobile in question was neither used temporarily nor as a substitute for the otherwise uninsured vehicle, the insurer is not obligated under the policy.

2. In view of our ruling in Division 1, it is unnecessary for us to consider whether the court erred in ruling that the exclusionary clause was here applicable. Since the automobile in question was not insured, it is immaterial whether the towed trailer was owned or hired by the insured.

3. Appellants contend that although the notice of the hearing indicated that it was solely for the purpose of determining what disposition to make upon the insurer's prayer for injunctive relief, the trial court unexpectedly granted the declaratory relief sought by the insurer. In so doing, appellants argue, the trial court erred since issues of fact emerged which should have been submitted to a jury. This contention is without merit. A review of the transcript demonstrates that at no time did appellants object to the proceeding, or indicate that they misunderstood the nature of the hearing. In fact, appellants even failed to take exception, when, at the conclusion of the hearing, the court announced that the declaratory judgment was granted, and inquired of counsel if there were any objection as to proper notice. "Parties can not take their chances for a favorable verdict, and then, the result being unsatisfactory, ask that a new trial be granted because of irregularities. . . which they have passed over in silence during the progress of the trial." *Childs v. Ponder,* 117 Ga. 553, 554 (43 SE 986). See also *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726); *Rowe v. Rowe,* 228 Ga. 302 (1) (185 SE2d 69); *Goolsby*

*v. Allstate Ins. Co.,* 130 Ga. App. 881, 883 (1) (204 SE2d 789).

4. As we have affirmed the ruling of the trial court on the main appeal, the cross appeal, which complains of the court's refusal to enjoin the pending action, is moot.

*Judgment affirmed in main appeal. Cross appeal dismissed. Bell, C. J., and Quillian, J., concur.*

ARGUED MAY 6, 1974 — DECIDED JUNE 18, 1974 — REHEARING DENIED JULY 10, 1974 — 

*Hudson & Montgomery, David R. Montgomery,* for appellants.

*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame, Robert E. Andrews, Jr.,* for appellee.

