[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14854
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00191-WTM-GRS

ERICA N. MCKEEL,
Individually,
ERICA N. MCKEEL,
As Surviving Parent of Murphy Foster McKeel,
Deceased,
DANIEL CALEB MCKEEL,
As Surviving Parent of Murphy Foster McKeel,
Deceased,
ASSIGNEES OF CUONG NGUYEN AND
MINH NGUYEN,
Individually,
d.b.a. Limelight Bar & Grill, LLC,

Plaintiffs - Appellants,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 23, 2015)

Before MARCUS, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

The Plaintiffs-Appellants in this appeal (the "McKeels") -- assignees of Cuong Nguyen and Minh Nguyen, individually and d/b/a Limelight Bar & Grill LLC -- appeal from the district court's order granting summary judgment in favor of the Defendant-Appellee State Farm Mutual Automobile Insurance Company. The case arises out of a car accident in which Cuong Nguyen, driving a vehicle insured by State Farm, improperly struck a vehicle driven by Erica McKeel, who was seven-months' pregnant. As a result of the accident, Ms. McKeel's baby was born prematurely and, sadly, died from injuries sustained in the accident.

In a subsequent state court case involving the McKeels, Limelight and Cuong Nguyen, the McKeels obtained a jury verdict against Cuong Nguyen in excess of $3,000,000. Following entry of judgment in that case, Cuong Nguyen and Minh Nguyen assigned their interest in any claim they might have had against State Farm to the McKeels. Based on that assignment, the McKeels filed this suit, alleging that State Farm acted in bad faith before and during the state court case by refusing to settle on Cuong Nguyen's behalf within the policy limits. The district court granted summary judgment to State Farm, concluding that the McKeels had failed to identify any issue of material fact concerning their bad-faith claim. On appeal, the McKeels argue that the district court erred in granting summary

2

judgment on their bad faith claim because State Farm: (1) negligently created a conflict of interest that injured Cuong Nguyen; (2) negligently failed to provide all material facts of the underlying situation to Cuong Nguyen; and (3) violated its own policies in the adjustment of the case.  After thorough review, we affirm.

We review de novo the district court's grant of summary judgment, applying the same legal standard as the trial court.  Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).  Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Under Georgia law, "where a person injured by an insured offers to settle for a sum within the policy limits, and the insurer refuses the offer of settlement, the insurer may be liable to the insured to pay the verdict rendered against the insured even though the verdict exceeds the policy limit of liability."  McCall v. Allstate Ins. Co., 310 S.E.2d 513, 514 (Ga. 1984).  We've said that, "[a]t a minimum, . . . Georgia law mandates that the insured show that settlement was possible -- the case could have been settled within the policy limits -- and that the insurer knew, or reasonably should have known, of this fact."  Delancy v. St. Paul Fire & Marine Ins. Co., 947 F.2d 1536, 1550 (11th Cir. 1991).  The elements of a negligence claim in Georgia are "duty, breach, proximate cause, and damages."  Cotton States Mut. Ins. Co. v. Brightman, 568 S.E.2d 498, 500 (Ga. Ct. App. 2002).  An assignee

under Georgia law "stands in the shoes" of the assignor and has no greater rights than the assignor possessed at the time of the assignment. See S. Telecom, Inc. v. TW Telecom, Inc. of Ga. LP, 741 S.E.2d 234, 238 (Ga. Ct. App. 2013).

First, we are unpersuaded by the McKeels' claim that State Farm acted in bad faith by negligently creating a conflict of interest that injured Cuong Nguyen. The undisputed record in this case reveals that before and during the state court proceedings, State Farm repeatedly offered the McKeels the policy limits ($50,000.00 for Ms. McKeel's personal injury claim and a separate $50,000.00 for the claim of her minor child) in exchange for limited releases of liability -- releases concerning Cuong Nguyen, Minh Nguyen, and Limelight, as insureds under the policy. The record also reveals that the McKeels rejected all offers that included Limelight as a releasee, and fails to show that State Farm knew, or reasonably should have known, that settlement was possible. Indeed, the McKeels offer no case law supporting the idea that State Farm should have abandoned one of its insureds (Limelight) by not including it as a releasee in the limited liability releases. Instead, Georgia courts have said that "in this state each insured under the policy, whether a named insured or others, is entitled to be defended by the insurer and judgments against such insured paid, within the limits of the policy." Strain Poultry Farms, Inc. v. Am. S. Ins. Co., 197 S.E.2d 498, 501 (Ga. Ct. App. 1973) (emphasis added). Without any Georgia law to the contrary, we are hard-

4

pressed to conclude that State Farm could have acted in bad faith or negligently by equally representing its insureds.  See e.g., Shipes v. Hanover Ins. Co., 884 F.2d 1357, 1361 (11th Cir. 1989) ("[B]ad faith means a frivolous and unfounded denial of liability. . . .  Where questions of law . . . have not been decided by the courts of Georgia and are not of easy solution, then a finding of . . . bad faith . . . [is] not authorized.") (quoting State Farm Mutual Auto. Ins. Co. v. Harper, 188 S.E.2d 813, 817 (Ga. Ct. App. 1972)).  Nor is there any basis for the McKeels' reliance on attorney-client conflict-of-interest cases.  The district court did not err in granting summary judgment on the McKeels' conflict-of-interest claim.

We also are unpersuaded by the McKeels' argument that State Farm negligently failed to provide all material facts of the underlying situation to Cuong Nguyen -- that is, that the McKeels were "willing to release him individually." The McKeels' claim is merely another way of arguing that State Farm should have abandoned Limelight by removing it from the release document.  As we've explained above, this argument has no merit.  In addition, as the undisputed record shows, counsel retained by State Farm to defend its insureds met with the purported owners of Limelight on several occasions to see if they would consent for Limelight to be removed from the release and they would not.  There is nothing in the record to indicate that Cuong Nguyen's knowledge of any additional material facts would have led to a different result, especially given the Limelight

5

owners' refusal to consent as well as Limelight's alleged ownership issues. The district court did not err in granting summary judgment on this negligence claim.

Finally, we reject the McKeels' argument that State Farm violated its own policies in adjusting the claim. In Georgia, a corporation's failure to abide by its own written guidelines is evidence of negligence. Luckie v. Piggly-Wiggly So., Inc., 325S.E.2d 844, 845 (Ga. Ct. App. 1984). The McKeels rely on language in State Farm's policy that gave it a duty to "diligently investigate the facts to determine if a claim is valid." However, as we've detailed, the record reveals that State Farm began offering its entire policy limits before it received any demand from anyone for any amount. There is nothing in the record to indicate that State Farm was not diligent in investigating whether the insurance claim was valid, and the district court did not err in granting summary judgment on this negligence claim.

**AFFIRMED**.