**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 29, 2016**

# In the Court of Appeals of Georgia

A15A2326. JONES v. SABAL TRAIL TRANSMISSION, LLC.

MCFADDEN, Judge.

This appeal is from a trial court's grant of declaratory judgment and injunctive relief authorizing a company to enter and survey certain property for a proposed natural gas pipeline. The appellant property owner claims that she did not get adequate notice that the hearing on the appellant's petition would consolidate the interlocutory injunction and declaratory judgment requests set forth in the petition; however, the record shows that she did receive sufficient notice and that she acquiesced in the consolidated hearing on both issues. The appellant also claims that the trial court erred in applying state law in this matter because it is preempted by federal law, but she waived this issue by not raising it below. Likewise, the appellant's argument that the appellee did not meet the definition of the term

"pipeline company" as it is used in two code sections was also waived because it was not raised in the trial court. Finally, appellant contends that the appellee was required to obtain a certain federal certificate before it could be authorized under a state statute to survey her property; however, the plain language of the applicable state statute imposes no such requirement. Because the appellant has failed to show reversible error, we affirm.

Sabal Trail Transmission, LLC was hired to construct and operate a natural gas pipeline that will begin in Alabama, run through Georgia, and end in Florida. Sabal Trail has already surveyed approximately 99 percent of the proposed pipeline route, which will traverse property owned by Sandra Jones in Colquitt County. Sabal Trail requested permission to enter Jones' property to perform the survey, but Jones refused the request.

Sabal Trail filed the instant action for interlocutory injunctive relief and declaratory judgment, seeking authorization to enter Jones' property to perform the survey pursuant to OCGA § 22-3-88, which provides: "The power of eminent domain may be exercised by persons who are or may be engaged in constructing or operating pipelines for the transportation or distribution of natural or artificial gas and by persons who are or may be engaged in furnishing natural or artificial gas for heating,

2

lighting, or power purposes in the State of Georgia." Jones filed an answer and counterclaims. After an evidentiary hearing at which both parties appeared and were represented by counsel, the trial court entered a final declaratory judgment and injunction, declaring that Sabal Trail has the right under OCGA § 22-3-88 to enter the property for purposes of conducting the survey and enjoining Jones from interfering with Sabal Trail's right to survey the property. Jones appeals from the final declaratory judgment and injunction.

1. *Consolidated hearing.*

Jones contends that the trial court erred in consolidating the hearing on the interlocutory injunction application with the declaratory judgment action because the notice for the hearing indicated only that it was for the interlocutory injunction. The contention is without merit.

The notice of the hearing indicated that it was issued pursuant to Sabal Trail's "Motion for Interlocutory Injunction," which, despite the style of the pleading, was also an action for declaratory judgment; the pleading plainly asserted claims for, and sought, both injunctive relief and a declaratory judgment as to Sabal Trail's right to conduct the survey. See *Udoinyion v. Michelin North America*, 313 Ga. App. 248, 253 (2) (721 SE2d 190) (2011) (substance, rather than nomenclature, of pleadings

3

determines their nature). The notice further ordered Jones to appear at the hearing "pursuant to OCGA §§ 9-4-1, et seq., 9-5-1, et seq. and 9-11-65." OCGA § 9-4-1 et seq. is the chapter of the code governing declaratory judgments, while OCGA § 9-5-1 et seq. governs injunctions. OCGA § 9-11-65 (a) (2) expressly provides that "[b]efore or after the commencement of the hearing of an application for an interlocutory injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

Pursuant to the notice, Jones appeared at the hearing with counsel. At the start of the hearing, the trial judge stated that the litigation involved "the petition for declaratory judgment to conduct survey." Thereafter, the judge stated to the attorneys, "Gentlemen, on the petition for declaratory judgment to conduct the survey, the petition was filed by the Plaintiff. Is the Plaintiff ready to proceed?" Counsel for Sabal Trail responded affirmatively and then, during his opening statement, asserted that both declaratory judgment and injunctive relief were appropriate to enforce Sabal Trail's right to conduct the survey and expressly asked the court to conduct a final hearing "and grant declaratory relief on the right of entry." Jones raised no objection to this request.

Thereafter, during his opening statement, counsel for Jones said that he believed the hearing should be "about following those elements as to whether [Sabal Trail is] entitled to this injunction," but he did not object to consolidating that interlocutory injunction issue with the petition's declaratory judgment request and he did not claim insufficient notice. Thereafter, both sides presented evidence in the form of testimony and exhibits. During closing argument, counsel for Sabal Trail again expressly requested both an injunction and declaratory judgment, citing OCGA § 9-11-65 as support for "this being a final hearing and a declaratory judgment being granted at this time with an associated injunction." During his closing, counsel for Jones argued legal issues, but did not address the consolidation of the injunction and declaratory judgment issues or make any argument concerning the notice of the hearing.

The trial court did not issue a decision at the conclusion of the hearing; rather, it took the matter under advisement and instructed the parties to submit proposed orders. There is nothing in the record showing that Jones subsequently raised any objection to the consolidation of the injunction and declaratory judgment requests at the hearing or asserted a claim of insufficient notice. Almost two weeks after the hearing, the trial court entered its final declaratory judgment and injunction.

Under these circumstances, we find that Jones not only had sufficient notice that the hearing would encompass both the interlocutory injunction and declaratory judgment claims set forth in Sabal Trail's initial pleading, but that she also acquiesced in the consolidation of those issues, which were clearly identified by the judge and opposing counsel, at the hearing. "Parties can not take their chances for a favorable [judgment], and then, the result being unsatisfactory, ask that a new trial be granted because of [alleged] irregularities which they have passed over in silence during the progress of the [hearing]." *Fulcher v. Canal Ins. Co.*, 132 Ga. App. 325, 328 (3) (208 SE2d 116) (1974) (citations and punctuation omitted) (rejecting claim that trial court erred in granting declaratory relief because notice indicated hearing was only for injunctive relief, where appellants did not object to the proceeding). Accordingly, this enumeration of error provides no grounds for reversal.

2. *Preemption.*

Jones claims that the trial court erred in finding that Sabal Trail has authority under OCGA § 22-3-88 to enter her property to survey because the Natural Gas Act, 15 U. S. C. § 717 et seq., does not authorize the entry and federal law preempts state law in this area. However, Jones did not raise this issue below and therefore it is waived.

6

We note that in a recent unreported opinion involving the same pipeline at issue in this case, this same claim of error was found to have been waived because it was neither raised below nor ruled upon by the trial court. While that unreported opinion, in which all three judges fully concurred, is neither physical nor binding precedent, see Court of Appeals Rule 33 (b), its analysis on this issue is persuasive. See *Bell v. Sabal Trail Transmission*, ___ Ga. App. ___ (Case No A15A2390, decided March 9, 2016). Accordingly, we adopt the analysis from that case, set it forth in full below, and apply it to this case. As explained in our unreported opinion:

> Whether the defense of preemption is jurisdictional or waivable is a question of law we review de novo. The Supreme Court has recognized that the defense of preemption can be jurisdictional, and therefore nonwaivable, if success on the preemption defense would dictate the choice of forum and thereby deprive the reviewing court of subject matter jurisdiction. In contrast, the defense of preemption is waivable where it merely dictates a different choice of law. *Fryer v. A.S.A.P. Fire & Safety Corp.*, 658 F3d 85, 90 (II) (1st Cir. 2011) (citations omitted). "Here, the preemption defense is not jurisdictional because a successful preemption defense under [the Natural Gas Act] would dictate only a change in law, not a change in forum." Id.; see also *Van Syoc v. Equitrans, L.P.*, 2:13-CV-01735, 2015 WL 1346872, *6 (III) (W.D. Penn. 2015) (because natural gas regulation is not a completely preempted field, defendants' eminent domain counterclaim could not provide a basis for removal or otherwise support subject matter jurisdiction upon federal court); *Vaden v. Discover Bank*, 556 U.S. 49, 61-62 (II) (129 SCt 1262; 173 LEd2d 206) (2009) (state-law-based counterclaim does not qualify a case for federal court jurisdiction, even if counterclaim relies exclusively on federal substantive law). The

7

preemption claim in this case involves a choice of federal law, rather than a choice of forum. (Footnote omitted).

Consequently, we conclude that Jones' failure to raise this preemption claim below waives the issue and we will not consider it for the first time on appeal.

3. *OCGA §§ 22-3-80 and 22-3-81.*

Jones argues that it was error for the trial court to find that Sabal Trail has eminent domain authority because it is not a pipeline company as that term is used in OCGA §§ 22-3-80 and 22-3-81. Pretermitting the fact that those code sections concern petroleum pipeline companies, not natural gas pipeline companies like Sabal Trail, is the fact that this argument has been waived because it was not raised and ruled on in the trial court. "An appellate court will not consider an issue raised for the first time on appeal, because the trial court has not had the opportunity to consider it." (Punctuation and footnote omitted.) *Sitton v. Print Direction*, 312 Ga. App. 365, 370 (3) (718 SE2d 532) (2011) (citation and punctuation omitted).

4. *FERC certificate.*

Jones argues that the trial court erred in finding that Sabal Trail has the right under OCGA § 22-3-88 to enter and survey her property because Sabal Trail has not yet obtained a certificate of public convenience and necessity from the Federal

Energy Regulatory Commission ("FERC"). As with the federal law preemption issue discussed above in Division 2, this same issue concerning a FERC certificate was addressed and rejected by this court's unreported opinion in *Bell v. Sabal Trail Transmission*, supra, ___ Ga. App. ___ . As noted above, this unreported decision is not physical or binding precedent. See Court of Appeals Rule 33 (b). Nevertheless, we find its analysis of this issue to be persuasive and therefore set it out below in full and follow it in this case. As explained in our unreported opinion:

> By its plain terms, OCGA § 22-3-88 does not condition its grant of eminent domain on the possession of any certificate or permit. If the General Assembly had intended to condition the right of eminent domain for natural gas pipelines upon a certificate of convenience and necessity, it could have made the certificate an express condition, as it did with petroleum pipelines. See OCGA § 22-3-81 (2) (defining "pipeline company" as one which transports petroleum and petroleum products); OCGA § 22-3-82 (c) (pipeline company has right of reasonable access for surveying after obtaining certificate of convenience and necessity); and OCGA § 22-3-83 (a) (pipeline company's exercise of eminent domain right conditioned upon obtaining certificate of public convenience and necessity).
> Moreover, the certificate prerequisite for the exercise of eminent domain for petroleum pipelines was enacted at the same time as the statute governing eminent domain for natural gas pipelines, which has no such prerequisite. Accordingly, we conclude that a certificate is not a condition precedent to the survey and entry rights granted by OCGA § 22-3-88 and Georgia case law. See, e.g., *Robinson v. Transcontinental Gas Pipe Line Corp.*, 421 F2d 1397, 1398 (5th Cir. 1970). See also *Walker v. Gateway Pipeline Co.*, 601 So2d 970, 975 (Ala. 1992) ("Although a FERC certificate may have been a prerequisite to

9

construction of pipeline facilities, such a certificate was not a prerequisite to precondemnation entries for the purpose of survey and examination.").

Accordingly, the trial court did not err in finding that Sabal Trail is not required to have a FERC certificate in order to exercise its rights under OCGA § 22-3-88.

*Judgment affirmed. Dillard, J., concurs; Ellington, P. J., concurs in the judgment only.*